UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-246-MOC
(3:18-cr-98-MOC-DSC-1)

| NICKOLAS M. GODFREY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on its own motion following the filing of the Government's Motion to Dismiss, (Doc. No. 4).

The Government filed a Motion to Dismiss the § 2255 Motion to Vacate on July 6, 2020. (Doc. No. 4). The time to respond to the Motion to Dismiss has expired and counsel for Petitioner has not filed a response or motion of extension of time.[1] Counsel shall, within **10 days** of this Order, file a notice informing the Court whether he is still representing Petitioner in this action and of his client's position on the Motion to Dismiss.

Should Petitioner choose to proceed without counsel, the Court notifies Petitioner that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), he has a right to respond to the Government's Motion to Dismiss and may do so within **30 days** of this Order.[2] The Court also

---

[1] Court staff informally contacted the parties on November 13, 2020, regarding the outstanding response deadline but counsel for Petitioner has not filed a response or a motion to extend the time in which to do so to date.

[2] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that *pro se* plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary

1

advises Petitioner that failure to file a timely and persuasive response may result in dismissal of the § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Counsel for Petitioner shall, within **ten (10) days** of this Order, file a notice informing the Court whether he is still representing Petitioner in this action and of his client's position on the Motion to Dismiss.

2. Should Petitioner choose to proceed without counsel, Petitioner may file a *pro se* response to the pending Motion to Dismiss no later than **thirty (30) days** from entry of this Order. Failure to file a timely and persuasive response will likely lead to the dismissal of this action.

3. The Clerk is instructed to mail a copy of the Government's Motion to Dismiss, (Doc. No. 4), and this Order to: Nickolas M. Godfrey, Reg. No. 34170-058, FCI Edgefield, Federal Correctional Institution, PO Box 725, Edgefield, SC 29824.

Signed: December 21, 2020

Max O. Cogburn Jr.
United States District Judge

---

judgment may well result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.