UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-246-MOC
(3:18-cr-98-MOC-DSC-1)

| | |
|---|---|
| NICKOLAS M. GODFREY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 that was filed by counsel. (Doc. No. 1). Also pending is the Respondent's Motion to Dismiss. (Doc. No. 4).

I.     BACKGROUND

Petitioner was charged by Bill of Indictment with: Count (1), securities fraud (15 U.S.C. §§ 78j, 78ff); Count (2), wire fraud (18 U.S.C. § 1343); Counts (3)-(4), transactional money laundering (18 U.S.C. § 1957); and Count (5), tax evasion (26 U.S.C. § 7201). (3:18-cr-98 ("CR") Doc. No. 3). Petitioner pleaded guilty without a plea agreement but the plea was supported by a Factual Basis to which both parties agreed. (CR Doc. No. 17).

At a Rule 11 hearing before Magistrate Judge David Keesler, Petitioner stated under oath that he received a copy of the Indictment and discussed its contents with counsel, and that he fully understood the charges and sentencing exposure as well as the rights he was waiving by pleading guilty. (CR Doc. No. 19). Petitioner acknowledged that he had the right to plead not guilty, have a speedy trial, summon witnesses on his behalf, and confront witnesses against him. Petitioner admitted he is, in fact, guilty of the counts in the Indictment to which he was pleading guilty. He

1

agreed that there is no written plea agreement but that a Factual Basis has been filed that he read, understood, and agreed with. Petitioner stated that he was not threatened, intimidated, or forced to plead guilty, and he was not made any promises of leniency or a light sentence to induce his plea. Petitioner stated that he had enough time to discuss any possible defenses with his attorney and he is satisfied with counsel's services. Petitioner stated on the record that counsel "[h]elped [him] a great deal…." (CR Doc. No. 19 at 3). Counsel certified that he reviewed the consequences of the guilty plea with Petitioner and is satisfied that Petitioner understood those consequences. Petitioner confirmed his consent to Judge Keesler's acceptance of his guilty plea and affirmed that the answers given during the Rule 11 hearing were true and complete to the best of Petitioner's knowledge. (CR Doc. No. 19 at 4).

Petitioner was granted a three-level reduction in offense level for acceptance of responsibility. (CR Doc. No. 27 at ¶¶ 29, 57-58). The Court sentenced Petitioner below the advisory guideline range to 37 months' imprisonment for each count, concurrent, followed by a total of two years of supervised release. (CR Doc. No. 36). Petitioner filed a Notice of Appeal but then voluntarily dismissed his direct appeal. <u>See</u> (CR Doc. No. 39).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on April 24, 2020. (Doc. No. 1). He argues that: counsel was ineffective for failing to challenge defects in the Indictment; there was "a great deal of evidence that counsel was unable to open or view" (Doc. No. 1 at 5); there was not enough evidence to support the Indictment or any criminal misconduct; and Petitioner can show that the conduct alleged was not criminal but was part of a business that he operated and in which investors took known and educated risks.

The Government filed a Motion to Dismiss, (Doc. No. 4), arguing that the § 2255 Motion to Vacate is not affirmed pursuant to Rule 2(b) of the Rules Governing § 2255 Proceedings and,

2

even if this deficiency were corrected, the claims are waived, conclusory, meritless, and procedurally barred.

Petitioner filed a Response, (Doc. No. 6), arguing that the Rule 2(b) error can be cured via signature under penalty of perjury if the Court deems fit, that the claims are conclusory because Petitioner "does not have the proof in his possession to establish what he needs to prove his case," and that the Government should be ordered to respond and set an evidentiary hearing so that Petitioner can fully present his claims. Petitioner further requests release under the CARES Act.

The Government filed a Reply (Doc. No. 7), arguing that the Motion to Dismiss should be granted for the reasons set forth in the Motion, the deficiencies the Government identified have not been cured, and Petitioner concedes in his untimely Response that he does not have proof in his possession to establish his claims. Moreover, Petitioner's request for release or home confinement should be dismissed for the reasons that such request was already denied in the criminal case. See (CR Doc. No. 55).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

3

presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A § 2255 Motion to Vacate "must … be signed under penalty of perjury by the movant or a person authorized to sign it for the movant." Rule 2(b)(5), Rules Governing Section 2255 Proceedings for the U.S. District Courts. The § 2255 Motion to Vacate was not signed by Petitioner or a person authorized to sign for him under penalty of perjury.[1] The Government filed a Motion to Dismiss noting this deficiency, (Doc. No. 4), yet no verification has been filed to date. The § 2255 Motion to Vacate is subject to dismissal on this basis alone.

Even if the § 2255 Motion to Vacate were verified, however, it would still be dismissed because Petitioner's claims are waived, procedurally defaulted, conclusory, and refuted by the record.

Before accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines if the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

In the instant case, the record conclusively establishes that Petitioner understood the nature of the charges and the consequences of pleading guilty including the rights he was waiving by pleading guilty, and that he was choosing to plead guilty freely and voluntarily, and that there was

---

[1] The Order to Answer, (Doc. No. 2), mistakenly states that the § 2255 Motion to Vacate was signed under penalty of perjury.

4

a factual basis for the plea. Petitioner's knowing and voluntary guilty plea "constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, Petitioner may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner attempts to argue that the Indictment was flawed and that counsel failed to adequately represent him. Petitioner does not, however, claim that his guilty plea was involuntarily entered and the record refutes any such assertion. Petitioner's entry of his knowing and voluntary guilty plea waived any claims of error that preceded it and relieved counsel of the obligation to investigate the case or present any defenses. Therefore, Petitioner's claims that the Indictment was defective and of pre-plea ineffective assistance of counsel were waived by Petitioner's knowing and voluntary guilty plea and are subject to dismissal.

Petitioner's claims concerning an alleged defect in the Indictment are also procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); see United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23

5

F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

The alleged Indictment defects could have been, but were not, raised on direct appeal. Petitioner has failed to demonstrate cause and prejudice or actual innocence to excuse this procedural default, and therefore, the claims alleging various Indictment defects are barred from § 2255 review.

Further, even if Petitioner's claims of ineffective assistance of counsel were not waived by his knowing and voluntary guilty plea, they would nevertheless be dismissed because they are too vague and conclusory to support relief. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court. United States v. Dyess, 730 F.3d 354 (4th Cir. 2013).

6

Case 3:20-cv-00246-MOC   Document 8   Filed 01/25/21   Page 6 of 8

Petitioner's vague and conclusory contentions that counsel failed to challenge the Indictment, review all pertinent evidence, and adequately defend the criminal charges are insufficient to support a finding of ineffective assistance of counsel. Petitioner fails to identify any instance where counsel failed to provide reasonable professional assistance or that any alleged deficiency prejudiced him in any way. Petitioner's vague and conclusory claims are insufficient to warrant an evidentiary hearing or § 2255 relief. See Dyess, 730 F.3d 354.

Petitioner's request for relief under the CARES Act is denied. See (CR Doc. No. 55); 18 U.S.C. § 3621(b).

For the foregoing reasons, the Government's Motion to Dismiss will be granted and the § 2255 Motion to Vacate will be dismissed and denied.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss will be granted and the Court will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

7

Case 3:20-cv-00246-MOC   Document 8   Filed 01/25/21   Page 7 of 8

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: January 25, 2021

Max O. Cogburn Jr
United States District Judge

8

Case 3:20-cv-00246-MOC   Document 8   Filed 01/25/21   Page 8 of 8